

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 19  PM 4: 41

LORETTA G. WHYTE
CLERK

# UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ELSTON ROBERTSON**                        **CIVIL ACTION**

**VERSUS**                                  **NO. 04-2489**

**WARDEN TAPPIN**                           **SECTION "T"(4)**

## REPORT AND RECOMMENDATION

      This matter was referred to a United States Magistrate Judge to conduct hearings, including

an Evidentiary Hearing if necessary, and to submit Proposed Findings and Recommendations

pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules**

**Governing Section 2254 Cases**.  Upon review of the entire record, the Court has determined that

this matter can be disposed of without an Evidentiary Hearing.  *See* Title 28 U.S.C. § 2254(e)(2).[1]

**I.**    **Factual Background**

      The petitioner, Elston Robertson ("Robertson"), is incarcerated in the Morehouse Parish

Detention Center in Collinston, Louisiana.[2]  Robertson was charged on December 17, 1998, by Bill

---

[1]Under Title 28 U.S.C. § 2254(e)(2), the District Court may hold an Evidentiary Hearing only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by an exercise of due diligence, and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 1, Petition.

____ Fee_____
__X__ Process_____
__X__ Dktd_____
____ CtRmDep_____
____ Doc. No _____

of Information in Jefferson Parish with possession of cocaine.[3]  On September 12, 2000, pursuant

to a plea agreement, Robertson entered a plea of guilty to the amended charge of possession with

intent to distribute cocaine.[4]

That same day, the State filed a multiple bill to which Robertson also entered a plea of

guilty.[5] The Trial Court sentenced Robertson as a multiple offender to serve 15 years without benefit

of probation or suspended sentence.[6]

Robertson's conviction became final five days later, on Sunday, September 17, 2000, or the

following business day, September 18, 2000, because he did not seek timely reconsideration of his

sentence or appeal the conviction. *Cousin v. Lensing*, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's

guilty pleas became final at the end of the five day deadline for filing a notice of appeal under La.

Code Crim. P. art. 914[7]).

## II.    Procedural Background

On December 4, 2000, Robertson filed a Motion to Reconsider Sentence alleging that he

received ineffective assistance of counsel, insufficient evidence to support his conviction, the police

---

[3]St. Rec. Vol. 1, Bill of Information, 12/17/98.

[4]St. Rec. Vol. 1, Bill of Information, amended 9/12/00; Waiver of Constitutional Rights Plea of Guilty, 9/11/00; Plea and Sentencing Minutes, 9/12/00; Plea Transcript, 9/12/00.

[5]St. Rec. Vol. 1, Multiple Bill, 9/12/00; Waiver of Rights Plea of Guilty Multiple Offender, 9/11/00; Multiple Bill Sentencing Minutes, 9/12/00; Plea Transcript, 9/12/00.

[6]Multiple Bill Sentencing Minutes, 9/12/00; Plea Transcript, 9/12/00.

[7]At the time of petitioner's conviction, La. Code Crim. P. art. 914 required a criminal defendant move for leave to appeal within five days of the order or judgment that is being appealed or of a ruling on a timely motion to reconsider a sentence.  Failure to move timely for appeal under Article 914 renders the conviction and sentence final at the expiration of the period for filing the motion for appeal. *State v. Counterman*, 475 So.2d 336, 338 (La. 1985).  Article 914 was amended by Acts 2003, No. 949, § 1 to provide 30 days for filing of the notice of appeal.

testimony was inaccurate, and improper enhancement of the charge against him.[8]  While this motion was pending, Robertson filed a Writ Application in the Louisiana Fifth Circuit Court of Appeal on December 18, 2000, apparently seeking similar relief.[9]  The Louisiana Fifth Circuit denied the Application on December 20, 2000, because Robertson failed to first seek relief in the Trial Court.[10]  Thereafter, on February 8, 2001, the Trial Court denied Robertson's Motion to Reconsider Sentence because the claims raised must have been presented in an application for post conviction relief.[11]

Three months later, on May 16, 2001, Robertson filed a Uniform Application for Post-Conviction Relief in which he alleged that he was denied effective assistance of counsel, the charge was improperly enhanced, and there was insufficient evidence to support the conviction.[12]  The Trial Court dismissed the Application without prejudice on May 23, 2001, because Robertson failed to attach the transcript of the plea hearing.[13]

Robertson later filed an untimely[14] Writ Application with the Louisiana Fifth Circuit on June 25, 2001 seeking review of the same claims.[15]  The Appellate Court denied the Application on June

---

[8]St. Rec. Vol. 1, Motion to Reconsider, 12/4/00.

[9]St. Rec. Vol. 1, 5th Cir. Order, 00-KH-1917, 12/20/00.  The record does not contain a copy of this writ application.  The filing date appears on the face of the order and has been confirmed with the Office of the Clerk of the Louisiana Fifth Circuit.

[10]*Id.*

[11]St. Rec. Vol. 1, Trial Court Order, 2/8/01.

[12]St. Rec. Vol. 1, Uniform Application for Post-Conviction Relief, 5/16/01.

[13]St. Rec. Vol. 1, Trial Court Order, 5/23/01.

[14]The application was filed more than 30 days after the trial court's ruling, the period set forth in La. App. Rule 4-3; *see also*, La. Code Crim. P. art. 922.

[15]St. Rec. Vol. 1, 5th Cir. Order, 00-KH-700, 6/28/01.  The record does not contain a copy of this writ application.  The filing date appears on the face of the order and has been confirmed with the Office of the Clerk of the Louisiana Fifth Circuit.

28, 2001, noting that Robertson had failed to comply with the Trial Court's directive in the May 23, 2001, order.[16] Thereafter, Robertson requested a copy of the transcript from the Trial Court and on July 6, 2001, the Trial Court granted his request.[17]

On August 14, 2001, Robertson filed a second Uniform Application for Post-Conviction Relief with the Trial Court alleging ineffective assistance of counsel, improper enhancement of the charge, and insufficient evidence to support the conviction.[18] The Trial Court denied the Application as meritless on August 21, 2001.[19]

Robertson thereafter filed two motions with the Trial Court, on September 11 and 21, 2001, seeking reconsideration of his post conviction claims.[20] On September 30, 2001, the Trial Court denied the motions as repetitive of the application for post-conviction relief and noted that the proper remedy for further review would be to file a writ Application in the appellate court.[21]

In the meantime, on September 26, 2001, Robertson filed a similar motion in the Louisiana Fifth Circuit which was considered to be a Writ Application.[22] On October 1, 2001, the Appellate Court transferred the Application to the Trial Court for a ruling on the motion.[23] The Trial Court

---

[16]Id.

[17]St. Rec. Vol. 1, Trial Court Order, 7/6/01.

[18]St. Rec. Vol. 1, Uniform Application for Post-Conviction Relief, 8/14/01.

[19]St. Rec. Vol. 1, Trial Court Order, 8/21/01.

[20]St. Rec. Vol. 1, Motion by Letter Stated Brief Facts, 9/11/01; Motion by Letter State Brief Facts Ex Post Factor, 9/21/01.

[21]St. Rec. Vol. 1, Trial Court Order, signed 9/30/01, filed 9/27/01.

[22]St. Rec. Vol. 1, 5th Cir. Writ Application, 01-KH-1108, 9/26/01.

[23]St. Rec. Vol. 1, 5th Cir. Order, 01-KH-1108, 10/1/01.

notified the Louisiana Fifth Circuit on October 11, 2001, that the same motion had been denied by its order dated September 30, 2001.[24]

Thereafter, on October 29, 2001, Robertson filed a letter with the Trial Court asking for compliance with the Fifth Circuit's October 1, 2001 order to address his motion.[25]  The Trial Court denied the motion as moot in light of its September 30, 2001, ruling.[26]

On December 10, 2001, Robertson again asked the Trial Court by letter to comply with the Fifth Circuit's directive.[27]  The Trial Court again denied the motion citing its September 30, 2001, ruling.[28]

Over the next four months, Robertson filed several requests for a copy of the plea hearing transcript which was provided to him by July 8, 2002.[29]

Thereafter, on September 16, 2002, Robertson filed a Motion for Post Verdict Judgment of Acquittal alleging that the evidence seized at his arrest was insufficient to support any charge much less a more severe charge than the one in the original bill of information.[30]  On October 15, 2002, the Trial Court denied the motion as meritless.[31]

---

[24]St. Rec. Vol. 1, Trial Court e-mail, 10/11/01.

[25]St. Rec. Vol. 1, Motion by Letter Stated Brief Facts, 10/29/01.

[26]St. Rec. Vol. 1, Trial Court Order, 11/14/01.

[27]St. Rec. Vol. 1, Motion by Letter Stated Brief Facts, 12/10/01.

[28]St. Rec. Vol. 1, Trial Court Order, 12/17/01.

[29]*See* St. Rec. Vol. 1, Motion by Letter, 3/28/02; Motion to Vacate (seeking transcript), 4/3/02; Trial Court Order, 5/3/02; 5th Cir. Order, 02-KH-517; Letter to Robertson, 7/8/02.

[30]St. Rec. Vol. 1, Motion for Post Verdict Judgment of Acquittal, 9/16/02.

[31]St. Rec. Vol. 1, Trial Court Order, 10/15/02.

Robertson filed a motion with the Trial Court requesting that the court rule on the Motion for Post Verdict Judgment of Acquittal.[32] The Trial Court denied the motion as moot in light of its October 15, 2002, order.[33]

Robertson thereafter filed a Writ Application with the Louisiana Fifth Circuit on November 6, 2002, seeking review of the Trial Court's ruling.[34] The Appellate Court denied the Application on November 7, 2002, finding no error in the Trial Court's October 15, 2002 ruling.[35]

On January 27, 2003, Robertson filed an untimely[36] Writ Application in the Louisiana Supreme Court, which was identical to his Motion for Post Verdict Judgment of Acquittal, alleging that the evidence seized at his arrest was insufficient to support any charge much less a more severe charge than that in the original bill of information.[37] The Louisiana Supreme Court denied the Application without reasons on February 13, 2004.[38]

## III.   **Federal Petition**

On September 1, 2004, Robertson filed the instant Petition for Federal Habeas Corpus Relief in which he raises three grounds for relief:[39] (1) The conviction was obtained by plea of guilty which

---

[32]St. Rec. Vol. 1, Application for Writ of Mandamus, 10/21/02.

[33]St. Rec. Vol. 1, Trial Court Order, 10/27/02.

[34]St. Rec. Vol. 1, 5th Cir. Order, 02-KH-1100, 11/7/02. The record does not contain a copy of this writ application. The filing date appears on the face of the order and has been confirmed with the Office of the Clerk of the Louisiana Fifth Circuit.

[35]*Id.*

[36]The application was filed more that 30 days after the appellate court's ruling, the period set forth in La. Code Crim. P. art. 922(C) and La. S. Ct. R. X§5(a).

[37]St. Rec. Vol. 1, La. S. Ct. Writ Application, 03-KH-0268, 1/27/03.

[38]*Robertson v. State*, 867 So.2d 678 (La. 2004); St. Rec. Vol. 1, La. S. Ct. Order, 2003-KH-0268, 2/13/04.

[39]Rec. Doc. No. 1, Petition, p. 5-6.

was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea; (2) The conviction was obtained by use of coerced confession; and (3) The conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

The State filed an opposition memorandum alleging that Robertson has failed to exhaust state court remedies as to the claims raised and that his petition is not timely filed.[40]  On May 19, 2005, Robertson replied to the State's opposition arguing that his claims should be considered because they have merit and because he tried for two years to obtain his plea transcript before pursuing his claims.[41]

IV.    **Standards of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, which comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, went into effect on April 24, 1996[42] and applies to habeas petitions filed after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA therefore applies to Robertson's petition, which is deemed filed in this Court under the federal "mailbox rule" on August 4, 2004.[43]

---

[40]Rec. Doc. No. 5.

[41]Rec. Doc. No. 6.

[42]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  *United States v. Sherrod*, 964 F.2d 1501, 1505 (5th Cir. 1992).

[43]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State argues that Robertson's federal petition is untimely filed and that he has failed to exhaust state court remedies. For the following reasons, the Court finds that the State is correct.

## V.   <u>Exhaustion Requirement</u>

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *Nobles*, 127 F.3d at 419. "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." *Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519-20).

"State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." *Whitehead*, 157 F.3d at 387 (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)). "This

---

of court filed Robertson's petition on September 1, 2004. Robertson, however, signed the memorandum submitted with his petition on August 4, 2004, which is the earliest date he could have submitted it with the petition to prison officials for mailing.

requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." *Whitehead*, 157 F.3d at 387 (citing *Nobles*, 127 F.3d at 420).

The State contends that Robertson has failed to present any of his claims to the Louisiana Supreme Court for review.  The State argues that, in his sole writ application to the Louisiana Supreme Court, Robertson alleged that there was insufficient evidence to support the conviction, which is not a claim raised in this federal petition.

A review of the state court record reflects that Robertson did not raise any of the three claims raised in this federal petition in his only Writ Application to the Louisiana Supreme Court.  In that Application, Robertson alleged that the evidence seized at his arrest was insufficient to support any charge including the more severe amended charge.  In fact, Robertson has not raised the claims now raised in any state court.

Robertson, therefore, has not exhausted his state court remedies with respect to any of the claims raised in the instant federal petition.  However, Robertson failure to exhaust is not dispositive of the petition because his petition is nevertheless untimely under the AEDPA and must be dismissed with prejudice for that reason.

## VI.   Statute of Limitations

The AEDPA requires a petitioner to bring his § 2254 claim within one year of, *inter alia*, the date his conviction became final or from the discovery of the factual predicate for the claim.[44]

---

[44]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here: (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

      A.      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      B.      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is

*Duncan v. Walker*, 533 U.S. 167, 179-80 (2001). In this case, Robertson suggests that he was unable to pursue his current claims until he received his plea transcript from the state court.

The Court first notes that Robertson pursued state post conviction review prior to receipt of the transcript. Furthermore, even if Robertson had waited to obtain copies of the transcript from the state court before pursuing state post conviction proceedings would be irrelevant to the timeliness calculation for the following reasons.

First, after receiving the transcript in July, 2002, Robertson failed to present the instant claims to any state court. Thus, the receipt of the transcript did not spawn the pursuit of the claims before this federal court.

Second, the federal courts have long resolved that delays caused by the pursuit of transcripts, like those by Robertson, do not affect the timeliness calculations because transcripts and copies are not required for pursuing such relief. *Jones v. Johnson*, 2001 WL 1006062 at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); *Grayson v. Grayson*, 185 F. Supp.2d 747, 751-52 (E.D. Mich. 2002) (delay in receipt of transcript, not required to file an application, does not warrant equitable tolling). Although the Trial Court dismissed without prejudice Robertson's first post conviction application because it did not have the transcript attached, his later requests were considered and addressed on the merits without the transcript. The

---

removed, if the applicant was prevented from filing by such State actions;
C.     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
D.     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. Title 28 U.S.C. § 2244(d).

delay in receiving the transcript was of no prejudice to Robertson. For these reasons, Robertson has failed to establish an alternative trigger date for the AEDPA one year filing period.

Therefore, the AEDPA filing date in this case was triggered when Robertson's conviction became final on September 17, 2000, which was five days after he entered his guilty plea. Because September 17, 2000, was a Sunday, the Court will consider the conviction to be final on the following business day, September 18, 2000.

Under the plain language of § 2244, Robertson had until September 18, 2001, to file a timely federal application for habeas corpus relief which he did not do. Thus, literal application of the statute would bar Robertson's § 2254 petition as of that date unless he is entitled to tolling.

A.   **Equitable Tolling**

The doctrine of equitable tolling allows for tolling of the AEDPA's limitation period when the petitioner has been pursuing his rights diligently, and there are rare or extraordinary circumstances preventing timely filing. *Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1814 (2005); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998), *cert. denied*, 525 U.S. 1091 (1999); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. *Pace*, 125 S. Ct. at 1814-15; *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

In this case, Robertson has not alleged, and the record does not reflect, any basis for equitable tolling. Contrary to his suggestion, the limitations period is not tolled merely because the petitioner believes he is entitled to relief on the claims raised. *United States v. Alexander*, 2000 WL 1092618

11

at \*3 (E.D. La. Aug. 2, 2000) (Barbier, J.); *Gaines v. Cockrell*, 2003 WL 222444 (N.D. Tx. Jan. 28, 2003) (citing *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001)).  Therefore, the Court need only determine whether Robertson is entitled to statutory tolling.

### B.    **Statutory Tolling**

Section 2244(d)(2) provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending, shall not be counted toward any period of limitation.  *See* Title 28 U.S.C. § 2244(d)(2).  In order for a State post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing.  *Pace*, 125 S. Ct. at 1812 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."); *Williams v. Cain*, 217 F.3d 303, 306-07 n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir.1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999).

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'"  *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.'") (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2nd Cir. 1999), *aff'd*, 531 U.S. 4 (2000)); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition.  *Dilworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction

in one county was other collateral review even though filed as a challenge to a second conviction in

a different county); *Nara v. Frank*, 2001 WL 995164, slip op. at *5 (3d Cir. Aug. 30, 2001) (motion

to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that

the state filings for which tolling is sought must have challenged the same conviction being

challenged in the federal habeas corpus petition and must have addressed the same substantive

claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 686-

88 (5th Cir. 2005).

     As discussed above, the federal courts have also determined that requests for transcripts and

copies from the record are not applications for post-conviction or other collateral review and do not

affect the timeliness calculations. *See Flanagan*, 154 F.3d at 199; *Brown v. Cain*, 112 F. Supp.2d

585, 587 (E.D. La. 2000) (Berrigan, J.), *aff'd*, 239 F.3d 365 (5th Cir. 2000) (delay in receiving

transcripts does not warrant tolling unless petitioner can prove that he had to have transcripts to

proceed); *Osborne v. Boone*, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (Table, Text

in Westlaw) (motion for transcripts is not "other collateral review" for tolling purposes); *Gerrets v.

Futrell*, 2002 WL 63541 (E.D. La. Jan. 16, 2002) (Vance, J.); *Jones*, 2001 WL 1006062 at *3

(petitioner should file application and then continue to gather transcripts); *Grayson*, 185 F. Supp.2d

at 751-52 (delay in receipt of transcript, not required to file an application, does not warrant equitable

tolling).

     In this case, Robertson's one-year filing period began to run on September 19, 2000, the day

after his conviction is deemed final. The filing period ran for 76 days until Robertson filed a motion

to reconsider his sentence on December 4, 2000. The application remained pending until March 10,

2001, which was 30 days after the Trial Court's denial on February 8, 2001, and no further appellate review was available.[45] *Williams*, 217 F.3d at 310; La. App. Rule 4-3.

The filing period ran again for another 66 days, from March 11, 2002 to May 16, 2001 when Robertson filed his first application for post conviction relief in the Trial Court. The Application remained pending until June 22, 2001, which was 30 days after the Trial Court's ruling on May 23, 2001, and no further appellate review was available. *Id.*

On June 23, 2001, the one-year AEDPA limitations period ran for an additional two days, until June 25, 2001, at which time Robertson filed a writ application in the Louisiana Fifth Circuit. Under current United States Fifth Circuit precedent, this <u>untimely</u> writ application remained pending for tolling purposes for 30 days after it was denied on June 28, 2001, or until July 28, when no further appellate review was available. *Id.*; *Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001) (because La. App. R. 4-3 has exceptions, an untimely appellate writ application tolls the one-year statute of limitations period during the time it was actually pending); *but see Pace*, 125 S. Ct. at 1811 (the existence of exceptions to a state timeliness requirement does <u>not</u> prevent a late application from being considered <u>improperly</u> filed).

The filing period ran for an additional 16 days, from July 29, 2001 until Robertson filed his second post conviction application on August 14, 2001. The application remained pending for tolling purposes until September 20, 2001, which was 30 days after it was denied on August 21, 2001. By September 11, 2001, Robertson had begun a separate barrage of motions to the Trial Court, and one related writ application to the Louisiana Fifth Circuit, seeking further review of his

---

[45]This tolling period overlaps with that of Robertson's December 18, 2000 writ application in the Louisiana Fifth Circuit.

post conviction claims. In sum, the filing period remained tolled until January 16, 2002, which was 30 days after the Trial Court denied the last post conviction motion on December 17, 2001.[46]

The filing period began to run again on January 17, 2002, for the remaining 205 days until it expired on August 9, 2002. Robertson had no other properly filed state post conviction or other collateral review pending during that time period. Robertson is not entitled to any tolling consideration for the post-conviction filings made after expiration of the AEDPA filing period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Robertson's federal habeas corpus petition is deemed filed on August 4, 2004, which is two years after the expiration of the one-year AEDPA filing period. For these reasons, Robertson's federal habeas petition is untimely and should be dismissed with prejudice as time-barred.

## VII.   **Recommendation**

It is therefore **RECOMMENDED** that Elston Robertson's Petition for Issuance of a Writ of Habeas Corpus filed pursuant to Title 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

---

[46]The other motions by letter filed and addressed between March 28, 2002 and July 6, 2001, involved pursuit of the transcript of the plea hearing, which as discussed above do not impact the timeliness calculation.

provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this _____ day of _____, 2005.

_____
KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE